---

## RECEIVERS—DITCHES.                          10

[Paulding Circuit Court, May Term, 1886.]

Seney, Frazier and Baldwin, JJ.

(Judges Frazier of the Seventh and Baldwin of the Sixth Circuit, taking the places of Judges Beer and Moore.)

\*D. W. CALDWELL, RECR. OF THE N. Y., C. & ST. L. RY. CO. v. TRUSTEES OF HARRISON TOWNSHIP.

1. SUIT TO RESTRAIN DITCH PROCEEDINGS.

A receiver of a railroad company is a competent party ¡plaintiff in a suit to restrain ditch proceedings against the company commenced and prosecuted after his appointment as such receiver.

2. NOTICE OF THE PROCEEDINGS.

Under the statutes relating to township ditches, notice of the proceedings to a railroad company, by service upon its local agent, is not a valid service, and the company and its receiver having no other notice and no knowledge of the proceedings until after the order of apportionment is made, is not bound thereby.

---

\* This decision was followed by the circuit court in Rice v. Wellman, *post*, 5 C. C. 334, 337.

3. FINDING OF TRUSTEES BEFORE ESTABLISHING A DITCH.

Under sec. 4520, Rev. Stat., as amended (81 O. L., 81) the trustees should make a finding that the ditch "is necessary" as well as that it is "conducive to the public health, convenience or general welfare," before they proceed to locate and establish the ditch and apportion the same for construction.

4. RECORD OF PROCEEDINGS.

The record of the proceedings should show such finding, and where no tax or assessment has been ordered to be levied or assessed, the want of such finding cannot be supplied by parol proof.

APPLICATION for an injunction.

BALDWIN, J.

This suit is an application for an injunction against the proceedings of defendants in deepening and widening a township ditch, and assigning to the railroad company a portion of it for construction.

In April, 1885, proceedings were commenced before said trustees to widen and deepen a township ditch, and the railroad company was said to be the owner of lands not adjoining, but benefited by the improvement.

Section 4552, Rev. Stat. as amended, 80 O. L., 15, provides that in deepening and widening the same proceedings must be had so far as applicable, as required in the location and construction of the same, so that the proceedings complained of are to be tested as if they were to locate and construct.

No assessment was declared or ordered.

Although the road at the time of the commencement of the proceedings was in the hands of the court, through its receiver, no notice was given to him.

(1.) It is said that the receiver has no standing in this court.

It is by no means clear that the receiver might not properly have been served with notices relating to such proceedings. In this state a receiver of a railroad may even be sued in the courts of the state, without leave previously obtained for that purpose, in any county in which the road may be located. Sections 3415, 3416, Rev. Stat. But it is unnecessary to determine whether a receiver is secured from service of notice as to ditches.

The receiver was then, and is now, in possession of the property of the railroad company, and it was and is under his control. He represents its interests in law, and it is under the general rule as to receivers not only his right, but his duty to represent the company in any matter that may injuriously affect the rights or property in his hands.

(2.) It is objected by the plaintiff, that there is no proper service of notice upon the railroad company.

There is a general finding that service of notice was made upon all owners interested, but the manner in which the service was made upon the railroad company also appears in the record.

The statute, sec. 4515 says: "Notice shall be given to the owner of each tract of land sought to be affected by the proceeding," but it does not say that it may be served upon the agent of the owner. In this, as in many township ditch cases, the proceedings have been conducted as if the laws of county ditches were applicable; but the two statutes are quite different in many important particulars. For a county ditch, under sec. 4457, services may be made upon the agent of a corporation by express terms of the statute, as by sec. 5044, Rev. Stat., summons against a railroad company may be served on an agent.

No authority to do this is in sec. 4515, Rev. Stat., and although a corporation can only act and be reached by some representative, it can not be thought to be within the scope of the authority of a local station agent of a railroad company to receive service or act in the matter of constructing ditches.

The township ditch law, however, if followed, makes service easy where it can not be made in the county. Section 4515, Rev. Stat., provides for service on non-residents by mail, or if the residence is unknown, by publication.

There has been argument whether the word "person" includes corporations—a question immaterial here, as some kind of jurisdiction sought to be affected must be obtained, or the proceeding is, as to it, void. Sessions v. Crunkilton, 20 O. S., 349.

(3.) It is complained that there is no finding by the trustees that the improvement is necessary.

Section 4520, Rev. Stat., as amended March 25, 1884 (81 O. L., 81), provides: "If the trustees find that the bond has been filed and notice given, they shall proceed to hear and determine the petition, and shall view the premises along the proposed route, and if they find such ditch to be necessary, and that it will be conducive to the public health, convenience, or general welfare, shall proceed to locate and establish the same," etc. The finding was "that the said proposed ditch improvement will be conducive to the public health, convenience, and welfare." There was no finding that it was necessary. We think that the ditch is conducive to the public health, convenience and welfare, does not make it "necessary," though it may help to do so. The statute evidently contemplates a possible difference between the two findings and requires both. It is said the necessity follows the other finding. If a swamp was bounded on one side by a high ridge, it might be drained by tunneling the hill, and such draining might be conducive to the public health, convenience and welfare, but it would be quite unnecessary if the swamp was naturally drained in the opposite direction. Many cases might be supposed where one of these findings only might be proper. The legislature evidently intended to require both.

It is said the meaning of sec. 4515 is shown by sec. 4511: "The trustees of any township may, whenever in their opinion the same may be conducive to the public health, convenience or welfare, cause to be established and constructed *as hereinafter provided* any ditch within such township." This section is simply introductory, and preliminary to the whole proceeding, and the opinion is a simple political act, but no finding. There is nothing final in it. Having the opinion in sec. 4511, they can only cause the ditch to be established "as hereinafter provided," and before it is established must on view and hearing find the ditch to be necessary. In the case of Sessions v. Crunkilton, 20 O. S., 348, 360, it is held that the finding of the trustees required by sec. 4520 as to the filing of the bond and the giving of the notice, are conditions essential and precedent to the establishing of a township ditch, and the proceedings were held to be void because such finding was not upon the record. An unexpressed *opinion* that the ditch is necessary is not a *finding*, and the legislature evidently expected formal action and the record of it.

(4.) It is attempted here to prove such finding by parol. That such finding is necessary, and that it may not be so proved, appears clearly in the case of Miller & Swan v. Graham et al., 17 O. S., 1, where it was held (syllabus and page 8): "The statute requires that "the commissioners before establishing a ditch, shall find the same to be 'necessary, and that the same is demanded by or will be conducive to the public health, convenience or welfare.' No such finding appears in the record of their proceedings. These defects, we think, are fatal to the proceedings of the commissioners as they now stand."

The case is cited by the defense to show that oral testimony is admissible to prove the finding as to the necessity; but it is very direct authority against such mode of proof. It is true that the court allowed such proof in that case; but it was only because it was in county ditches expressly allowed by the act of March 24, 1864, (61 O. L., 57, now secs. 4490, 4491, Rev. Stat.) Nor even then did the court regard the old record as then made effective as if originally complete. It is said, page 10: "The remedial provisions of the statute are in fact in the nature of proceedings *de novo*, in which the party on whose lands an assessment has been laid, is permitted to make every claim and every showing which he might have made if the proceedings by and before the commissioners had been in all things regular."

This language is also criticised in Railroad Co. v. Wagner, 43 O. S., 75, as being too liberal in sustaining ditch proceedings, and it was held that where a tax had been assessed without knowledge or notice, the remedial provisions of secs. 4490 and 4491, Rev. Stat., did not apply.

But there is no such law in the location and establishment of township ditches. In the case at bar no assessment has been made or ordered. Section 4491 applies in terms to actions brought "to declare void the proceedings to locate or establish any ditch" as well "as to enjoin any tax or assessment levied or ordered to be levied."

But the remedial secs. 4559 and 4290 as to township ditches, apply where taxes or assessments "were levied or assessed, or ordered to be levied or assessed."

The oral proof offered is rejected, and for the reasons herein given the proceedings complained of by the plaintiff are declared void as to him, and enjoined as prayed for.

C. A. Seiders and John M. Lemmon, for plaintiff.

F. B. DeWitt, M. D. Baldwin and Thomas Emery, for defendants.

---

14 **PAUPERS—STATUTES.**

[Champaign Circuit Court, October Term, 1886.]

Williams, Shauck and Seney, JJ.

(Judge Seney of the Third Circuit, taking the place of Judge Stewart.)